```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 10-20482-CIV-LENARD
                          MAGISTRATE JUDGE P.A. WHITE
```

ROBERT MARSHALL,                :

    Movant,                 :     <u>REPORT RE TRANSFER</u>

v.                              :

UNITED STATES OF AMERICA,       :

    Respondent.             :

_____

The pro-se movant, Robert Marshal, filed a <u>pro-se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on February 16, 2010, while confined in the Federal Correctional Institution, Miami, Florida.[1] The petition attacks convictions in Case Nos 4:06CR730REW and 07CR035REW, entered in the United States District Court for the Eastern District of Missouri.

---

[1] The exclusive remedy for testing the validity of a judgment or sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C.§2255. <u>Caravalho v. Pugh</u>, 177 F.3d 1177 (10 Cir. 1999). The petitioner may be attempting to have filed his §2241 petition under §2255 "savings clause" on the ground that §2255 is inadequate or ineffective to test the legality of his detention. The savings clause applies when (1) a claim is based on a retroactively applicable Supreme Court decision, (2) the decision's holding establishes that the petitioner was convicted of an offense that is now non-existent, and (3) circuit law squarely foreclosed such claim at the time it otherwise should have been raised at trial, on appeal, or in the petitioner's first §2255 motion. <u>See</u> <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11 Cir. 1999). The petitioner may have a successful argument pursuant to *Wofford*, however he must make that argument in the district where the conviction occurred as relief can only be obtained in the Court which entered the conviction and sentence.

The petitioner states that he unsuccessfully attempted to obtain permission to file a successive motion to vacate pursuant to 28 U.S.C. §2255 in the proper venue. He alleges that his motion is not successive, based upon the retroactivity of new Supreme Court Case <u>Flores-Fiquerora v United States</u>, 129 S.Ct 1886 (2009). The plaintiff may have a good argument, and he might be able to obtain relief. However, the petitioner's conviction was entered in another District, and this Court cannot grant the petitioner's relief.

Although the petition is filed pursuant to §2241, this pleading remains a motion to vacate pursuant to 28 U.S.C. §2255. The motion attacks a conviction entered in the United States District Court for the Eastern District of Missouri.

Such a motion must be directed to the Court which imposed the sentence. 28 U.S.C. §2255.

It is therefore recommended that this case be transferred to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §1631.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 23rd day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Robert J. Marshall, <u>Pro Se</u>
    Reg. No. 28677-044
    FCI-Miami
    Address of record